**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **KRISTOPHER HUGHES, #2613691** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26cv413** |
| | § | |
| **COLLIN COUNTY SHERIFF'S OFFICE,** | § | |
| **ET AL.** | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Kristopher Hughes filed a civil rights action pursuant to 42 U.S.C. § 1983. The action was assigned to the undersigned United States Magistrate Judge in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. (Dkt. ##2, 3). Plaintiff consented to have a magistrate judge conduct all proceedings. (Dkt. #13).

Copies of orders that were sent to Plaintiff at the address he provided have been returned to the court marked "RTS [return to sender]–Discharged." (Dkt. #16). It is Plaintiff's responsibility to notify the Clerk of Court of his current physical mailing address. *See* Loc. R. CV-11(d). Because Plaintiff has not updated his address with the court, he has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action sua sponte when necessary to achieve the orderly and expeditious disposition of a case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*,

1

835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Plaintiff has failed to update the court with his current address and has prevented the court from communicating with him regarding his case. Therefore, the case will be dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).

It is accordingly **ORDERED** that the case is **DISMISSED** without prejudice. Fed. R. Civ. P. 41(b). Any pending motions are **DENIED** as moot.

**SIGNED this 1st day of July, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

2